# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-196


OPAL DOWDEN, ET AL.

VERSUS

LEEBO'S STORES, INC., ET AL.


**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 66,671
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, C.J., Billie Colombaro Woodard, and Marc T. Amy, Judges.

**REVERSED.**


Russell L. Potter
Stafford, Stewart, & Potter
P. O. Box 1711
Alexandria, LA 71309
Telephone: (318) 487-4910
COUNSEL FOR:
        Defendant/Appellee - Leebo's Stores, Inc.

Kraig Thomas Strenge
P. O. Drawer 52292
Lafayette, LA 70502-2292
Telephone: (337) 261-9722
COUNSEL FOR:
        Defendant/Appellant - United Fire & Casualty Insurance Company
Daniel G. Brenner

**Bolen, Parker, etc.**
**P. O. Box  11590**
**Alexandria, LA 71315-1590**
**Telephone:  (318) 445-8236**
**COUNSEL FOR:**
**Defendant/Appellee - Leebo's Stores, Inc.**

**Scott Westerchil**
**101 South First Street**
**Leesville, LA 71446**
**Telephone:  (337) 239-9076**
**COUNSEL FOR:**
**Plaintiffs/Appellees - Opal Dowden and W. H. Dowden**

**James Henry Colvin**
**Sharp, Henry, etc.**
**P. O. Box 239**
**Homer, LA 71040**
**Telephone:  (318) 927-6149**
**COUNSEL FOR:**
**Defendants/Appellees - Shop-A-Lott, Inc., Lott Oil Co., Inc., and
Agricultural Excess and Surplus Insurance Co., Inc.**

THIBODEAUX, Chief Judge.

In this case, United Fire & Casualty Insurance Company (United) appeals the granting of a Judgment Notwithstanding the Verdict (JNOV) by the trial judge. The trial judge granted the JNOV after determining that United breached its duty of good faith in dealing with its insured, Leebo's Stores, Inc. (Leebo's). We disagree with the trial judge and reverse the judgment.

## I.

## ISSUES

1) Did the trial judge err in granting the JNOV?

## II.

## FACTS

On February 15, 2000, Ms. Opal Dowden fell in a hole in the parking lot of a convenient store. She sued Leebo's, the company which ran the convenient store, and Lott Oil Company, Inc. (Lott Oil), as the owner of the store and lot. Leebo's had an insurance policy through United. Leebo's did not name the lessor of the premises as a named insured on the policy although it was required to do so. United alleged that the accident was the result of the independent negligence of the lessor and denied coverage to the lessor. Leebo's demanded that United provide the lessor with coverage under the indemnity clause of the lease.

At the outset of this case, the parties were confused as to whether Shop-A-Lott, Inc. (Shop-A-Lott) or Lott Oil was lessor of the property because the two names were used interchangeably. However, the evidence later revealed that Lott Oil owned the gas pumps and supplied gas and diesel to the store, but Shop-A-Lott was the actual lessor of the lot and the store.

1

Lott Oil filed a cross-claim against Leebo's alleging that the lease agreement obligated Leebo's to defend, indemnify, and hold it harmless for claims in the lawsuit and that it was Leebo's duty to maintain the premises. Lott Oil also claimed that Leebo's was required to, but did not, name it as an additional insured in its insurance policy with United. Shop-A-Lott also filed a cross-claim against Leebo's demanding indemnity coverage. United hired attorney Russell Potter to represent Leebo's. Leebo's also hired attorney Dan Brenner as additional counsel and filed a cross-claim against United alleging that United acted in bad faith by failing to indemnify and defend Leebo's and by refusing to provide coverage to the lessor. Shop-A-Lott's and Lott Oil's cross-claims were settled prior to trial. Leebo's cross-claim against United was tried before the jury at the same time as the tort suit.

After trial on the matter, the jury ruled in favor of Ms. Dowden. Ms. Dowden has not appealed. The jury also ruled that United had not acted in bad faith and did not award attorney fees, damages, or penalties to Leebo's on its cross- claim against United. The trial judge granted a JNOV, ruling that United had breached its duty of good faith and awarded attorney fees of $16,319.02. United now appeals the judgment granting the JNOV.

III.

**LAW AND DISCUSSION**

***Judgment Notwithstanding the Verdict***

Louisiana Code of Civil Procedure Article 1811 provides the authority for a JNOV. In *Davis v. Wal-Mart Stores, Inc.*, 00-445 pp. 4-5 (La. 11/28/00), 774 So.2d 84, 89 (quoting, in part, *Smith v. Davill Petroleum Co. Inc.*, 97-1596, p. 4 (La.App. 1 Cir. 12/9/98), 744 So.2d 23, 26-27), the Louisiana Supreme Court set out the standard for granting a JNOV:

A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. In making this determination, the court should not evaluate the credibility of the witnesses and all reasonable inferences or factual questions should be resolved in favor of the non-moving party.

The standard of review for a JNOV on appeal is a two part inquiry. In reviewing a JNOV, the appellate court must first determine if the trial court erred in granting the JNOV. This is done by using the aforementioned criteria just as the trial judge does in deciding whether or not to grant the motion. After determining that the trial court correctly applied its standard of review as to the jury verdict, the appellate court reviews the JNOV using the manifest error standard of review.

(citations omitted).

After reviewing the evidence, we find the trial court erred in granting the JNOV, as reasonable people could have arrived at the decision reached by the jury.

***Review of Evidence***

The issue before the jury was whether United was in bad faith for failing to indemnify and provide a defense to Leebo's and the lessor of the store. The jury determined that United was not in bad faith and did not award attorney fees.

As to Leebo's, the evidence is clear that it was provided with a defense by United. United assigned Mr. Potter to defend claims brought against Leebo's. Mr. Potter filed answers to Ms. Dowden's original and amended petitions and defended Leebo's on these claims at trial. He also filed answers to Lott Oil's and Shop-A-Lott's claims against Leebo's. Moreover, Mr. Brenner, Leebo's additional counsel,

3

testified that Mr. Potter provided Leebo's with a complete defense. Mr. Brenner agreed that the only issue that Mr. Potter did not defend was the issue of coverage of the lessor under the insurance policy.

As to Lott Oil and Shop-A-Lott, the evidence shows that on May 11, 2001, United sent a letter to Leebo's stating that after examining the lease agreement between Leebo's and Shop-A-Lott, there was no duty to provide a defense or indemnity to Shop-A-Lott because Shop-A-Lott created the hazard that injured the claimant. It claimed that the lessor replaced the gas pumps on the premises, which required breaking up and replacing the concrete in the parking lot where the claimant fell. It concluded that the indemnity language of the lease did not require it to indemnify the lessor for its independent acts of negligence. United also relied on the fact that the lessor was not named as an additional insured, as required by the insurance policy, to deny coverage.

After receiving United's letter, Leebo's sent several letters to United regarding evidence on where, it claimed, the accident occurred and urged United to change its position on the issue of coverage. Leebo's argues that if United had investigated the accident, it would have determined the correct area where the claimant fell and the lessor would have been notified that indemnity and a defense were available to it by operation of the lease. Therefore, the lessor would not have been forced to file a cross-claim against Leebo's and Leebo's would not have incurred attorney fees in defending the claims of the lessor. This argument is without merit for several reasons.

First, although Leebo's requested that United indemnify and defend Lott Oil, Lott Oil was not the lessor under the lease, so it was not entitled to indemnity and a defense. Shop-A-Lott was the actual lessor, but only entered into the suit two months prior to trial and settled its cross-claim against Leebo's prior to trial.

4

Furthermore, Leebo's did not name Lott Oil or Shop-A-Lott as additional insured's under the lease agreement. Therefore, United had several valid reasons to deny coverage to the lessor, and was not in bad faith for denying coverage. Moreover, the evidence reveals that Mr. Brenner's defense of Leebo's was predominantly on the issue of coverage. The cross-claim that Mr. Brenner filed and letters he wrote on Leebo's behalf were all directed toward the issue of coverage of the lessor by United. Generally, an insured can recover attorney fees associated with its defense of the underlying action, but not with its litigation of the coverage issue. *Steptore v. Masco Constr. Co., Inc.*, 93-2064 (La. 8/18/94), 643 So.2d 1213. Mr. Brenner's defense was directed toward getting United to defend and indemnify the lessor, not toward the underlying action. Therefore, he cannot recover attorney fees for this work.

Second, Leebo's argument that if United had conducted an investigation, it would have discovered the correct hole, is flawed. The record reveals conflicting testimony regarding which hole caused Ms. Dowden's accident. The jury did not indicate which hole caused the accident; it simply apportioned the fault among the parties. The jury could have determined that either of the possible holes caused the accident or that repairing the parking lot was the responsibility of all the defendants. For us to determine which hole the jury decided caused the accident is pure speculation.

From this evidence, the jury concluded that United was not in bad faith in dealing with Leebo's and attorney fees were not warranted. The trial judge granted a JNOV, stating that if United had investigated or simply taken the position that it would defend the lessor, "it is more probable than not there would have been no cross-claim by Shop-A-Lott." A JNOV is proper when the facts and inferences point so strongly and overwhelmingly in favor of one party that reasonable jurors could not arrive at a different verdict. *VaSalle v. Wal-Mart Stores, Inc.*, 01-0462 (La. 11/28/01),

5

801 So.2d 331. The facts and inferences in this case are, at best, conflicting and do not point so overwhelmingly in favor of one party that reasonable jurors could not arrive at a contrary verdict. Therefore, we conclude that the trial judge erred in granting the JNOV.

## IV.

## **CONCLUSION**

For these reasons, the JNOV granted by the trial court is reversed and the jury's verdict is reinstated. All costs of this appeal are assessed to appellee, Leebo's Stores, Inc.

**REVERSED**.